# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:04CV344-C

| | |
|---|---|
| DON HAMRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| DAVID MICHAEL GEORGE, ) | |
| DRAGAN SAMARDZIC, ) | |
| PATRICK O'LEARY, JOHN ) | |
| WILLIAMSON, and JOHN ) | |
| AHLIN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the following motions and memoranda:

1. The "Defendants' Motion to Dismiss [including memorandum]" (document #5) filed August 19, 2004;

2. The pro se Plaintiff's "Objection ..." (document #11) filed September 8, 2004;

3. The Defendants' "Reply ..." (document # 14) filed September 24, 2004;

4. Plaintiff's "Motion for Default Judgment ... [and] Motion for Pretrial Conference ..." (both document #26) filed October 6, 2005; and

5. Defendants' "Response ..." (document #27) and "Motion to Suspend IAC and Rule 16 Conference Requirements" (document #28), both filed October 13, 2005.

On June 29, 2005, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the

undersigned will grant the Defendants' "Motion to Suspend IAC and Rule 16 Conference Requirements," will deny Plaintiff's "Motion for Pretrial Conference," and will respectfully recommend that the Plaintiff's "Motion for Default Judgment" be denied and that the Defendants' "Motion to Dismiss" be granted, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

The pro se Plaintiff Don Hamrick, a merchant seaman employed by U.S. Ship Management, Inc. ("USSM"), and stationed aboard the vessel M/V Sealand Voyager, seeks to recover damages from certain shipmates and other USSM employees arising from an alleged conspiracy by those employees to obstruct justice and discriminate against him based on his religion. Accepting the allegations of the Complaint as true, Defendant Dragan Samardzic, a California resident, was USSM's Fleet Manager. The remaining Defendants were officers and crew on the M/V Sealand Voyager: John Ahlin, a Florida resident, was the ship's Master, Patrick O'Leary, also a Florida resident, served as Chief Mate, John Williamson, a Maine citizen, was the ship's Boatswain, and David Michael George, a Washington resident, apparently was a crew member.

Even construing the allegations of the pro se Complaint liberally, as the District Court is required to do at this stage in the proceedings,[1] the Plaintiff alleges few facts in support of his claims. First, he contends generally that the Defendants obstructed justice by refusing to accept into the ship's mail system letters that he attempted to mail concerning an alleged racketeering case that the

---

[1] The Supreme Court has instructed the district courts to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally." Haines v. Kerner, 404 U.S. 519, 520 (1972). Accord Thompson v. Echols, 191 F.3d 448, 450 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

2

Plaintiff contends he is prosecuting against the President of the United States, George W. Bush. Second, the Plaintiff alleges that he was subject to religious discrimination by being required to wear company coveralls while on duty, which would have identified him as an American, and, therefore, a Christian, and made him "a sitting duck for any ill tempered Islamic having a bad day at work [because] Islam is an age old enemy of Christianity." "Complaint" at 2 (document #1). The Plaintiff also alleges that he objected to wearing coveralls for "climatic reasons."

Relevant to the subject Motion to Dismiss, there is no evidence that the Plaintiff, the Defendants, or the M/V Sealand Voyager were ever stationed or based in North Carolina, and it is undisputed that none of the events of which the Plaintiff complains occurred in this state. Moreover, even taking the Complaint and the allegations re-stated in the Plaintiff's brief as entirely true, none of the Defendants has ever resided in, traveled or had any connection to, or had any contact with North Carolina, other than the fact that their <u>employer</u>, USSM, maintains its headquarters in Charlotte, North Carolina.

On August 19, 2004, the Defendants filed their Motion to Dismiss for lack of personal jurisdiction.

On October 6, 2005, the Plaintiff filed his "Motion for Default Judgment," in which he contends that he is entitled to a default judgment because the Defendants have not yet filed an Answer to his Complaint. The same date, the Plaintiff also filed his "Motion for Pretrial Conference," asking the Court to set a discovery schedule.

On October 13, 2005, the Defendants filed their "Motion to Suspend IAC and Rule 16 Conference Requirement," asking the Court to stay all pretrial proceedings until the Motion to Dismiss has been resolved by the District Judge to whom this case is presently assigned (the

Honorable Robert J. Conrad, Jr.) Because there is no basis for exercising personal jurisdiction over any of the Defendants, as discussed below, the undersigned will deny the Plaintiff's "Motion for Pretrial Conference," grant the Defendants' "Motion to Suspend IAC and Rule 16 Conference Requirement," and stay all pretrial proceedings, including discovery, pending Judge Conrad's ruling on the undersigned's recommendations regarding the dispositive motions.

The Plaintiff's Motion for Default Judgment and the Defendants' Motion to Dismiss have been fully briefed as set forth above and are, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIMS

### A. Motion to Dismiss for Lack of Personal Jurisdiction

In evaluating a motion to dismiss for lack of personal jurisdiction, all factual disputes must be resolved in favor of the non-moving party, who need make only a prima facie showing that exercise of personal jurisdiction is proper. See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); Vishay Intertechnology, Inc. v. Delta International Corp., 696 F.2d 1062, 1064 (4th Cir. 1982); and General Latex and Chemical Corp. v. Phoenix Medical Technology, Inc., 765 F. Supp. 1246, 1248 (W.D.N.C. 1991).

Analysis of personal jurisdiction has traditionally involved two determinations: "whether the [particular state's] long-arm statute authorizes the exercise of jurisdiction in the circumstances presented and ... whether the exercise of jurisdiction comports with Fourteenth Amendment due process standards." Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993). However, because "the North Carolina long-arm statute [N.C. Gen. Stat. § 1-75.4 ] has been interpreted as the legislature's attempt to allow the exercise of personal jurisdiction in all cases where

such jurisdiction does not contravene due process, [the] normal two-step inquiry merges into one." Id., citing Dillon v. Numismatic Funding Corp., 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977).

The exercise of personal jurisdiction comports with due process when the defendant purposefully established "minimum contacts" in the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Ellicott Mach., 995 F.2d at 477. In addition, the court's exercise of personal jurisdiction must comport with traditional notions of "fair play and substantial justice." World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980) (personal jurisdiction exists where defendant introduces product into stream of commerce with expectation that citizens in forum state will use the product).

Later cases have emphasized that the minimum contacts must be "purposeful." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). This "purposeful" requirement rests on the basic premise that traditional notions of fair play and substantial justice are offended by requiring a non-resident to defend himself in a forum state when the non-resident never purposefully availed himself of the privilege of conducting activities within the forum state, thus never invoking the benefits and protections of its laws. See Hanson v. Denckla, 357 U.S. 235, 253 (1958). Moreover, "this purposeful requirement helps ensure that non-residents have fair warning that a particular activity may subject them to litigation within the forum." Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F.Supp. 519, 523 (M.D.N.C. 1996), citing Burger King, 471 U.S. at 472; and World Wide Volkswagen, 444 U.S. at 297.

A court's exercise of personal jurisdiction may be specific or general. General personal jurisdiction exists, even when an action does not arise out of the non-resident defendant's contact with the forum state, if the non-resident defendant has had continuous and systematic contact with

5

the forum state. Helicopteros Nacionales de Columbia S.A. v. Hall, 466 U.S. 408, 414-15 (1983). Specific jurisdiction involves the exercise of personal jurisdiction over a defendant in an action arising out of the defendant's contacts with the forum state. See Helicopteros, 466 U.S. at 414; McGee v. International Life Ins. Co., 355 U.S. 220, 225 (1957) (single contract which is subject of the action and which was formed in forum state provides basis for personal jurisdiction); English & Smith v. Metzger, 901 F.2d 36, 39 (4th Cir. 1990) (same); and Prince v. Illien Adoptions Int'l Ltd., 806 F.Supp. 1225, 1227 (D. Md. 1992) (same).

Where a court seeks to assert specific jurisdiction over a non-resident defendant, the fair warning requirement inherent in due process still demands that the non-resident defendant have purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking its benefits and protections. See, e.g., Federal Ins. Co. v. Lake Shore, Inc., 886 F.2d 654, 660 (4th Cir. 1989).

As discussed above, the Plaintiff and Defendants reside in states other than North Carolina, and have had no contact with this state other than being employed by a corporation headquartered here. The Plaintiff has not cited, and the undersigned is unaware of, Fourth Circuit authority considering whether an individual's employment by a company headquartered in the proposed forum state, standing alone, is sufficient to satisfy due process requirements for exercising personal jurisdiction over an employee. However, it is well settled that the mere fact that a company maintains its headquarters in the forum state is insufficient to elevate contacts that occurred outside the state to "minimum contacts" sufficient to satisfy due process. See Carefirst Of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 402 (4th Cir. 2003) (although Illinois defendant had significant business relationship with plaintiff headquartered in Maryland, where those contacts

took place in other states, the relationship did not constitute adequate contact to support exercise of personal jurisdiction over the company in Maryland); and ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 625-26 (4th Cir. 1997) (although losses sustained by plaintiff in other states were "undoubtedly ... felt" in plaintiff's headquarters in South Carolina, said losses "ultimately [were] too unfocused to justify personal jurisdiction" in South Carolina over defendant that had allegedly caused the losses). Accordingly, the fact that the Defendants were employed by a North Carolina corporation can hardly satisfy the due process requirement that the employee Defendants purposely directed their activities at this state and availed themselves of the privilege of conducting activities here. Accord Burger King, 471 U.S. at 472; and Lake Shore, Inc., 886 F.2d at 660.

In short, where the Defendants have never resided in North Carolina, have never purposefully directed any of their activities at a resident of North Carolina, and have no connection with this state other than being employed by USSM, and where this litigation does not result from actions having any connection to North Carolina, the exercise of personal jurisdiction in this forum would offend traditional notions of "fair play and substantial justice." World Wide Volkswagen, 444 U.S. at 292.

Accordingly, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss for lack of personal jurisdiction be granted.

### B. Motion for Default Judgment

For the reasons discussed above, the Plaintiff's Motion for Default Judgment must be denied. Moreover, even assuming arguendo that the Plaintiff could establish a basis for personal jurisdiction, because the Defendants did respond timely to the Complaint by filing their Motion to Dismiss, the Plaintiff is not entitled to a default judgment in any event. See Fed. R. Civ. P. 55 (entry of default

and default judgment may be made only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend") (emphasis added); and Jaffe v. Accredited Surety and Casualty Co., Inc., 294 F.3d 584, 589 (4th Cir. 2002) (noting that filing motion to dismiss constitutes "defend[ing]" for the purposes of avoiding default judgment). Accordingly, the undersigned will respectfully recommend that the Plaintiff's Motion for Default Judgment be denied.

### III. ORDER

**IT IS HEREBY ORDERED**:

1. The Plaintiff's "Motion for Pretrial Conference ..." (document #26) is **DENIED**.

2. The Defendants' "Motion to Suspend IAC and Rule 16 Conference Requirements" (document #28) is **GRANTED**, and all further proceedings in this action, including all discovery, are **STAYED** pending Judge Conrad's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Plaintiff's "Motion for Default Judgment" (document #26) be **DENIED**; that the Defendants' "Motion to Dismiss" (document #5) be **GRANTED**; and that the Complaint be **DISMISSED WITH PREJUDICE**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to counsel for the Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

**Signed: October 17, 2005**

_Carl Horn, III_
Carl Horn, III
United States Magistrate Judge