# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL NO. 3:04-CV-344-W

| | |
|---|---|
| DON HAMRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DAVID MICHAEL GEORGE, ) | ORDER |
| DRAGAN SAMARDZIC, PATRICK ) | |
| O'LEARY, JOHN WILLIAMSON, ) | |
| and JON AHLIN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court for consideration of the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Carl Horn, III, recommending dismissal of this suit for lack of personal jurisdiction over the Defendants, in response to which Plaintiff (proceeding *pro se*) has filed what may loosely qualify as "objections."

The district court conducts a *de novo* review of those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Those portions of the M&R to which only general or conclusory objections are lodged may be affirmed by the court unless clearly erroneous or contrary to law. Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

The Court has carefully reviewed Plaintiff's submissions and has found little in the way of a substantive objection to the legal reasoning on the magistrate judge amidst what is predominately

slanderous, *ad hominem* attacks directed toward the federal bench. Insofar as Plaintiff attempts to argue that personal jurisdiction over the individual Defendants can be grounded on the fact that their common employer is based in Charlotte, North Carolina, the magistrate judge was correct in holding that personal jurisdiction cannot be so piggybacked. See Calder v. Jones, 465 U.S. 783, 790 (1984) ("Petitioners are correct that their contacts with California are not to be judged according to their employer's activities there. . . . Each defendant's contacts with the forum State must be assessed individually."). Plaintiff's reliance on a single email which may have been sent from one of the defendants to U.S. Ship Management in North Carolina is also misplaced, since the rule articulated in Young v. New Haven Advocate, 315 F.3d 256 (4th Cir. 2002) (a case which, notably, found personal jurisdiction to be lacking despite the existence of more significant electronic contacts than are present here), applies only where there is a nexus between the electronic transmission(s) and the plaintiff's cause of action.[1] See id. at 263 (holding that personal jurisdiction exists where, *inter alia*, the "[electronic] activity creates, in a person within the [forum] State, a potential cause of action"). Finally, Plaintiff cites no legal authority in support of the proposition that the individual Defendants' employer (U.S. Ship Management, Inc., which was not named as a party to this lawsuit and thus was not obligated to answer discovery requests, thus distinguishing Living Designs, Inc. v. E.I. duPont de Nemours & Co., 431 F.3d 353 (9th Cir. 2005), cited by Plaintiff) had a duty to disclose their addresses so that Plaintiff would be able to determine the proper forum for litigation.

   In so rendering its decision, the Court manifests its profuse regret to the litigants on both sides for the prolonged delay in obtaining justice in these matters, caused not by any systemic bias

---

[1] Here, there is no allegation that the emails are in any way related to the discrimination Plaintiff allegedly suffered at sea.

against *pro se* litigants but rather by the untimely death of our colleague Judge H.B. McKnight, and the resulting judicial reassignments and docket backlog which inevitably has ensued. Now more than ever, great demands by genuinely aggrieved citizens are being placed on the scarce resources of the federal judiciary, and any hostility which Plaintiff perceives is more likely than not a consequence of the fact that Plaintiff has consistently abused the judicial system by maintaining patently frivolous and harassing litigation. Nonetheless, should Plaintiff ever have a legitimate grievance which is within the power of the federal judiciary to redress, the Court expresses its utmost confidence in the integrity of its brethren on the bench and the fair and efficient operation of the judicial process to provide justice to those who veritably seek it.

In cases such as this, however, no less than our constitutional guarantee of due process of law demands that persons not be forced to defend a lawsuit in a court far removed from their places of residence and/or business activity. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980). If Plaintiff were in Defendants' shoes, the Court harbors no doubt that he would advocate the same result as the Court reaches today.

On the other hand, the Court is not ignorant of the age-old policy of judicial indulgence toward our merchant mariners as wards of the Admiralty, who are accorded a special status and protection under our laws. Chandris, Inc. v. Latsis, 515 U.S. 347, 380 (1995) (Stevens, J., concurring in the judgment). Nor is our law unsympathetic to the difficulties a seaman faces in locating an appropriate jurisdiction to redress injuries he has suffered while serving aboard a vessel on far-away seas. Accordingly, the maritime law gives the seaman multiple avenues to obtain *in rem* jurisdiction over the vessel (Fed. R. Civ. P., Supp. A.M.C. Rule C (Maritime Arrest)), *quasi in rem* jurisdiction over a defendant's other assets (id. Rule B (Maritime Attachment)), and *in personam*

3

jurisdiction over a corporate defendant (such as the seaman's employer or the shipowner) wherever that defendant has systematic and continuous contacts (See, e.g., Bass v. Energy Transportation Corp., 787 F. Supp. 530 (D. Md. 1992)). In this case, however, Plaintiff did not pursue any of these avenues but instead chose to sue his ship's master, chief mate, and sundry other persons individually.[2] Because maintenance of a lawsuit against these defendants in this judicial district would not comport with the requirements of due process, Plaintiff's claims must be dismissed without prejudice to re-file if personal jurisdiction can be obtained over a properly served defendant. Fed. R. Civ. P. 41(b).

Based upon the foregoing, and finding no error, the court hereby ADOPTS the recommendation of the magistrate judge as the final decision of this court. Now, therefore, it is ORDERED that Plaintiff's Motion for Default Judgment (Doc. No. 26) is DENIED, and Defendants' Motion to Dismiss (Doc. No. 5) is GRANTED. The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

Signed: October 27, 2006

Frank D. Whitney
United States District Judge

---

[2] Although some of Plaintiff's more recent pleadings show U.S. Ship Management, Inc., and Maersk, Inc., in the case caption, Plaintiff's original complaint did not name these parties as defendants, and the record reveals that Plaintiff has never sought to amend his complaint or serve these defendants with process.

4